UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VALDA JOHNSON,<br><br>           Plaintiff,<br><br>      v.<br><br>GORDON HARTOGENSIS,<br>Director, Pension Benefit Guaranty Corp.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-1998 (JMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

By and through its undersigned counsel, Defendant (the "Agency") respectfully submits this notice of supplemental authority.

On June 3, 2022, the D.C. Circuit announced its en banc decision in *Chambers v. District of Columbia*, 35 F.4th 870, 882 (D.C. Cir. 2022) (en banc).  In its decision, the court overruled its prior foundational rule for determining whether an action was cognizable under the anti-discrimination provisions of Title VII and related laws set forth in *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999).  In *Brown*, the Court previously held that a plaintiff did not sustain an actionable injury with respect to a denial of transfer to another position under the anti-discrimination provisions of Title VII because she did not suffer an "objectively tangible harm." *Id*.  In *Chambers*, the D.C. Circuit overruled that holding:

> Once it has been established that an employer has discriminated against an employee with respect to that employee's "terms, conditions, or privileges of employment" because of a protected characteristic, the analysis is complete. The plain text of Title VII requires no more. Any additional requirement, such as *Brown's* demand for "objectively tangible harm," is a judicial gloss that lacks any textual support.

35 F.4th at 874-75.[1]

Because much of this Court's and the D.C. Circuit's adverse action jurisprudence since *Brown* had focused on the now-overruled "objectively tangible harm" test, the Court should exercise caution in relying on any decision from the recent past describing what constitutes an "adverse action"—the existence of which is a prima facie requirement under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), and its progeny. *See, e.g., Walker v. Johnson*, 798 F.3d 1085, 1091 (D.C. Cir. 2015) ("A plaintiff must first establish her prima facie case. To state a prima facie case of discrimination, a plaintiff must allege she is part of a protected class under Title VII, she suffered a cognizable adverse employment action, and the action gives rise to an inference of discrimination.").

Regardless, the holding in *Chambers* has little to no effect on the analysis and appropriateness of summary judgment of the instant matter. First, *Chambers* limits its opinion to actions involving job transfers, which are not at issue here. *See* 35 F.4th 870 *passim* ("an employer that transfers an employee or denies an employee's transfer request because of [a protected characteristic] violates Title VII by discriminating against the employee with respect to the terms, conditions, or privileges of employment" and noting throughout that the holding applies to job transfers and denial of transfers). Second, to the extent that *Chambers* applies more broadly to employment actions in general, this still does not affect the Agency's summary judgment motion because it does not rely on the absence of an "objectively tangible harm." *See generally*, ECF 39 (MSJ) and ECF 42 (Reply MSJ). Notably, *Chambers* affirmed that a plaintiff still must plead

---

[1] In so doing, the *Chambers* court noted that its holding did not disturb the different test for an adverse action under Title VII's anti-retaliation provisions. *Chambers*, 35 F.4th at 882 ("only a retaliatory act that is 'materially adverse' to the plaintiff is actionable") (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.")).

"sufficient factual matter to state a discrimination claim that is plausible on its face," and that in order to survive summary judgment, a plaintiff must establish circumstances that "give rise to an inference of discrimination." *Id.* at 878-79.

Accordingly, Agency's arguments in favor of summary judgment do not change in light of *Chambers*. *See* ECF 39 (MSJ) at 20-21, 23-27 (arguing that Plaintiff is unable to establish a *prima facie* case for either claim in Case No. 14-008-F); *id* at 29-39 (arguing that Plaintiff cannot establish an inference of discrimination for either non-selection claim because both selectees were more qualified in Case No. 19-012-F); *id* at 40-44 (arguing that Plaintiff failed to exhaust administrative remedies on two claims and cannot establish an inference of discrimination regarding a generalized comment at a townhall meeting that she took offense to in Case No. 19-013-F); and *id.* at 45- (arguing that Plaintiff fails to state a claim of discrimination because she alleges "naked assertions" with no supporting evidence and/or claims that do not personally involve her in Case No. 13-008-F).

Dated: July 14, 2022
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ *Patricia K. McBride*
PATRICIA K. MCBRIDE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7123

*Attorneys for the United States of America*